### MARTIN v. SLIMP et al.

(Court of Civil Appeals of Texas. San Antonio. May 31, 1911.)

1. WORK AND LABOR (§ 4*)—CONTRACTS.

A tenant, having no authority to contract as agent of a landlord, employed a thresher to thresh grain on the premises. The landlord's name was not mentioned to the thresher until after the work was completed, and the thresher relied on the tenant's contract. The tenant and landlord were not partners in the business. *Held*, that the landlord was not liable for any part of the threshing bill, on the theory that he accepted the work, and the contract between the landlord and the tenant was immaterial.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

2. WORK AND LABOR (§ 4*)—CONTRACTS.

A landlord is not liable to a thresher for threshing grain on premises under a contract made by the tenant, though a universal custom requires landlords to pay a part of the expenses incident to harvesting the crops.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 4.*]

Appeal from District Court, Carson County; F. P. Greever, Judge.

Action by Roy Slimp and another against Charles Martin and another. From a judgment for plaintiffs against defendant Martin, he appeals. Reversed and rendered.

Lumpkin, Merrill & Lumpkin, for appellant. L. C. Barrett and J. Marvin Jones, for appellees.

FLY, J. Roy Slimp and Will Randall sued appellant and N. A. Pierce in a justice's court on a verified account for $150, on which was credited a payment by Pierce of $75. The cause was tried in the justice's court, and the plaintiffs obtained a judgment against appellant for $75, and on appeal to the district court a like judgment was obtained.

In the justice's court appellant and Pierce were alleged to be partners. Appellant under oath denied the partnership, and also denied any authority upon the part of Pierce to bind him for the payment of any sum. In the district court there was filed by Slimp and Randall what is denominated an "amended statement of cause of action," in which it was alleged that plaintiffs, at the special instance, and request of N. A. Pierce, threshed about 1,560 bushels of wheat at the price of 5 cents a bushel and 2,400 bushels at 3 cents a bushel, the total being $150; that Pierce paid $75 on the amount, but refused to pay the other part of it, claiming that Martin owed the same. To charge appellant, plaintiffs alleged that "one-half of said oats and wheat was the property of the said Martin, and that said Martin received and accepted said work of plaintiffs in doing said threshing, and is legally bound to pay the same at the reasonable value thereof, which was and is reasonably worth the said sum of $150."

Roy Slimp, for the plaintiffs, testified that their contract was with Pierce, who paid half the price and asked the plaintiffs to make out a bill against Martin for the balance. When the bill was presented to appellant, he stated that under his contract with Pierce the latter would have to pay the bill. Slimp stated: "I never heard Mr. Martin's name mentioned in connection with the threshing of the grain until after the grain had been threshed and we made out our bill against the defendant Pierce." Martin testified: "I never hired the plaintiffs to do the threshing on my place, which was occupied by the defendant Pierce, and I never instructed the defendant Pierce to hire them for me, or any one else, and at no time did I ever agree to pay plaintiffs any sum of money whatever for doing the threshing for the defendant Pierce. The defendant Pierce was not my agent, and had no authority to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

employ plaintiffs to do any threshing for me, nor was the defendant Pierce a partner of mine in any business transactions whatever, save and except we were partners in the increase of certain hogs placed upon the farm during the rental year of 1907 and 1908 upon my farm, and that, upon the terms of my rental contract with the defendant Pierce, the defendant Pierce was to pay for the threshing of all the grain." Pierce swore that he was a tenant of appellant, and that the latter had agreed, when the rental contract was made, to abide by the custom of the country about paying for threshing grain that might be raised on his place.

It is not pretended that there was any privity of contract between Slimp and Randall and appellant; but by the pleading he is sought to be bound because "he received and accepted said work of plaintiffs," and by the evidence he is sought to be bound because it was customary for landlords to pay one-half the charge for threshing the grain. Pierce had no authority to make the contract as agent of appellant, and it is not so alleged; and neither was it alleged in the district court that he was a partner, nor that it was customary for the landlord to pay half the threshing charges. Pierce alone agreed to pay the charge, and appellant was not known in the transaction.

[1] Appellant could not be bound on the ground that he accepted the work, because the work was done by virtue of a contract with another, and the plaintiffs were not induced to perform the work by his silence; the testimony failing to indicate that he knew it was being performed. No inducement was held out by appellant to plaintiffs to perform the work, but the promise of Pierce was alone relied upon. It would not matter what the rental contract was between appellant and Pierce. The contract sued on was not that of appellant.

[2] If there had been sufficient proof, as there was not, of the universal custom for the landlord to pay one-half of certain expenses incident to harvesting the crops, it would not render appellant liable to a third party on a contract made by that party with a tenant of appellant. No custom was alleged, and appellant was sought to be charged only on the allegation that he had accepted and received the labor performed.

The judgment is reversed, and judgment here rendered that Slimp and Randall take nothing by their suit as against appellant, and that they recover the sum of $75 as against N. A. Pierce. The costs of this court and of the district court will be assessed against Slimp and Randall, and of the justice's court against N. A. Pierce.

Reversed and rendered.